VAN BRUNT, P. J., and FOLLETT, J., concurred.

Exceptions overruled, and judgment rendered for the plaintiffs upon verdict, with costs.

---

In the Matter of the Application of THOMAS F. RYAN, as Receiver of C. A. WYATT & Co., as to Reference as to Disputed Claims; RAWITSER & BROTHER, Claimants, Appellants; HENRY G. NEWHALL and THOMAS F. RYAN, Receiver, Respondents.

*Receiver of a partnership — reference of disputed claims — new trial on the ground of newly-discovered evidence — terms imposed.*

When, in a proceeding before a referee appointed to pass upon disputed claims presented to the receiver of a partnership, a regular trial is had and the referee makes a report against a claimant, which is confirmed, and the claimant then appeals from the order of confirmation, and while such appeal is pending and undetermined, the claimant makes a motion for a new trial on the ground of newly-discovered evidence, the new trial should not be granted except upon reasonable indemnity being secured to the party who, without fault, is deprived of the fruits of success.

On the motion of a claimant for a new trial on the ground of newly-discovered evidence, made under the above circumstances, the court granted the motion on condition that the claimant pay to the receiver the amount of his disbursements for referee's fees on the first trial, and to a member of the partnership $250 as counsel fee before the referee in opposing the claim, and costs of the motion.

*Held,* that the imposition of these terms was proper.

APPEAL by the claimants, Rawitser & Brother, from an order of the Supreme Court, made at the New York Special Term at Chambers and entered in the office of the clerk of the city and county of New York on the 19th day of January, 1893, granting their application for a rehearing and a new trial of their claim against the receiver of the limited partnership of C. A. Wyatt & Co., upon certain terms.

*Horwitz & Hershfield*, for the appellants.

*Durnin & Hendricks*, for the respondent Ryan.

*Kellogg, Rose & Smith*, for the respondent Newhall.

BARRETT J. :

The motion for a new trial was upon the ground of newly-discovered evidence. One would suppose from the elaborate discussion in the briefs of counsel as to the effect of the newly-discovered evidence, that the learned judge at Special Term had denied the motion. We find, however, that the motion was granted, and that the appellants' present complaint relates solely to the terms imposed upon them. The appellants seem to think that their motion should have been granted unconditionally. The propriety of the terms in detail is not discussed, and their last point is that the order should simply be modified so as to relieve them from these terms.

We think the terms imposed were just and reasonable. This proceeding had all the attributes of an equitable action. There was a regular trial before a referee, to whom the matter was sent to hear and determine. After such full trial the referee's report was against the claimants, and that report was confirmed. The claimants then appealed from the order of confirmation, and while that appeal was pending and undetermined, they made this motion.

It is obvious that a new trial should not be granted under such circumstances except upon reasonable indemnity to the party who, without fault, is deprived of the fruits of success.

Even in cases where a new trial is granted because the decision or verdict is against the weight of evidence, it is usually upon payment of the costs of the former trial. (*Benedict* v. *Johnson*, 2 Lans. 97; *Kennedy* v. *The Harlem Railroad Co.*. 3 Duer, 659; *Overing* v. *Russell*, 28 How. 151.)

Here there were two parties who were before the court substantially as defendants. One was the special partner, Newhall, and the other was the receiver, Ryan. They were both entitled to costs, but the court awarded no costs to the receiver. He was simply reimbursed for a single item of outlay — namely, the referee's fees upon the former trial. That this item was somewhat large resulted from the appellants' vigorous but unsuccessful efforts to sustain their claim against the estate in the receiver's hands. The respondents are surely not responsible for the amount of this disbursement, and it would have been an extraordinary exercise of discretion to set aside what was in effect a judgment, and thus favor the claimants with a new trial, without reimbursing the estate even for the disbursements of its successful defense.

The court allowed the other party, Newhall, costs of the motion and a counsel fee of $250. The sum thus awarded was entirely reasonable. In fact, it was plainly but a partial indemnity for the expense to which Mr. Newhall had been put by the previous proceedings. No costs were awarded in terms, except the costs of the motion, nor were the other disbursements of the proceedings, such as stenographers' fees, allowed to either party. It comes to this, that one party entitled to indemnity, was allowed the moderate sum of $250 and the other party, equally entitled to indemnity, was allowed but a single disbursement. There was in this no abuse of discretion, but a reasonable exercise thereof.

The learned judge treated the proceedings as analogous to an action in equity, and doubtless intended to allow Mr. Newhall a sum which would in some measure represent the costs of the trial of such an action, with possibly a small extra allowance.

The order should be affirmed, with ten dollars costs and the usual disbursements.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Order affirmed, with ten dollars costs and the usual disbursements.